USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/7/2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

-against-

KEVIN GRAHAM,

                Defendant.

No. 14-CR-500 (NSR)
ORDER AND OPINION

17 CV 5967 (NSR)

NELSON S. ROMÁN, United States District Judge

Defendant, Kevin Graham ("Defendant" or "Graham"), was charged in a three-count indictment with conspiracy to commit sex trafficking, attempted sex trafficking and kidnapping.[1] On December 8, 2015, Defendant pled guilty before the Honorable Magistrate Judge Lisa M. Smith ("Judge Smith")[2] to count three of the indictment pursuant to a plea agreement ("the Agreement"). On January 27, 2016, the Court adopted Judge Smith's Report and Recommendation accepting Defendant's guilty plea. *United States v. Graham*, 14-CR-500 (S.D.N.Y. Jan. 27, 2016). On February 4, 2016, this Court sentenced the Defendant to a term of one hundred and fifty-one (151) months imprisonment to be followed by a term of supervised release. (*See* Judgment, ECF No. 93.) Before the Court is Defendant's motion pursuant to 28 U.S.C. § 2255 to set aside his sentence on the basis that it is excessive, and to vacate his conviction on the basis of ineffective assistance of counsel and legal insufficiency. For the following reasons, Defendant's motion is DENIED in its entirety.

---

[1] Defendant was charged with violating 18 U.S.C. §§ 1591(a) and (b)(1), 1594(a) and (c), and 1201(a)(1) and (a)(2). (Superseding Indictment, ECF No. 15.)

[2] Defendant consented to proceed before a Magistrate Judge for his Felony Plea Allocution. (ECF No. 33.)

1

# LEGAL STANDARD

A motion under 28 U.S.C. § 2255 is an extraordinary remedy. *See Moyhernandez v. United States*, No. 02 Civ.8062 MBM, 2004 WL 3035479 (S.D.N.Y. Dec. 29, 2004). 28 U.S.C. § 2255(a) provides that:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

§ 2255(b) provides, in relevant part:

> If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate.

A plain reading of the statute contemplates providing a mechanism to detained individuals who seek judicial relief from a wrongfully imposed sentence. It is well settled that § 2255 provides a collateral remedy and not a remedy for an appeal such that it can used to challenge the sufficiency of the evidence. *See, Dansbay v. United States*, 291 F. Supp. 790 (S.D.N.Y. 1968); *see also Bousley v. United States*, 523 U.S. 614, 621 (1998).

## PLEAS AND PLEA AGREEMENTS

The Federal Rule of Criminal Procedure 11(b) provides that before the court may accept a guilty plea, a defendant must be informed of his or her constitutional rights and must demonstrate that the plea is entered voluntarily. Courts have held that for a guilty plea to be deemed valid, it

must be entered into voluntarily, knowingly, and intelligently and "with sufficient awareness of the relevant circumstances and likely consequences." *Bradshaw v. Stumpf,* 545 U.S. 175, 183 (2005) (quoting *Brady v. United States,* 397 U.S. 742, 748 (1970)); *see also McCarthy v. United States*, 394 U.S. 459, 466 (1969). This standard exists because the failure to obtain a valid plea is deemed a violation of a defendant's due process rights. *McCarthy*, 394 U.S. at 466. In addition, the court must determine whether the conduct which the Defendant admits to was committed by the accused and constitutes the offense charged in the Indictment, the charging instrument, or the offense for which the defendant has accepted responsibility for pursuant to a plea agreement. *See id.* at 467 (citing Fed. R. Crim. P. 11, advisory committee notes).

Plea agreements are generally favored because they tend to conserve valuable prosecutorial resources and defendants tend to receive more favorable terms at sentencing. *Missouri v. Frye*, 566 U.S. 134, 144 (2012). It is a basic core principle that plea agreements are to be interpreted under the same standards of contract law, *see United States v. Rodgers*, 101 F.3d 247, 253 (2d Cir. 1996), bearing in mind, however, that they "are unique contracts in which special due process concerns for fairness and the adequacy of procedural safeguards obtain." *United States v. Ready*, 82 F.3d 551, 558 (2d Cir.1996) (quotations and citation omitted), *superseded on other grounds as stated in United States v. Cook,* 722 F.3d 477, 481 (2d Cir. 2013); *accord United States v. Cimino*, 381 F.3d 124, 127 (2d Cir. 2004); *United States v. Aleman*, 286 F.3d 86, 90 (2d Cir. 2002). Words and phrases in the agreement are to be given their plain meaning, *see United States v. Dionisio*, 415 F. Supp. 2d 191, 201 (E.D.N.Y. 2006), *aff'*d, 503 F.3d 78 (2d Cir. 2007), and terms are to be strictly construed. *United States v. Pollack*, 91 F.3d 331, 335 (2d Cir. 1996). Any ambiguity in the

agreement must be construed against the drafter, typically the Government, *see United States v. Gotti*, 457 F. Supp. 2d 411, 415 (S.D.N.Y. 2006), because "the Government is usually the party that drafts the agreement, and [because] the Government ordinarily has certain awesome advantages in bargaining power." *United States v. Padilla*, 186 F.3d 136, 140 (2d Cir. 1999) (quoting *Ready*, 82 F.3d at 559). In deciding whether a plea agreement has been breached, a court must look to what the parties to the plea agreement reasonably understood its terms to be. *United States v. Carbone*, 739 F.2d 45, 46 (2d Cir. 1984) (quoting *Paradiso v. United States*, 689 F.2d 28, 31 (2d Cir. 1982) (*per curiam*), *cert. denied*, 459 U.S. 1116 (1983)).

## LEGAL SUFFICIENCY

"It is axiomatic that, in a criminal case, the government must prove each and every element of the crime beyond a reasonable doubt." *United States v. Macklin*, 671 F.2d 60, 65 (2d Cir. 1982) (citing *In Re Winship*, 397 U.S. 358, 364 (1970)). 18 U.S.C. § 1201(a)(1), which defines Kidnaping, provides in relevant part that it shall be unlawfully to seize, confine, inveigle, decoy, kidnap, abduct, or carry away and hold for ransom or reward or otherwise any person, willfully transport the person in interstate, or the offender travels in interstate, or uses the mail or any means, facility, or instrumentality of interstate or in committing or in furtherance of the commission of the offense. The statute contains three elements the government must prove: (1) the defendant unlawfully, knowingly, and willfully seized, confined, inveigled, decoyed, kidnaped, abducted, or carried away the victim; (2) that the victim was transported in interstate commerce while so seized, confined, inveigled, decoyed, kidnaped, or abducted, or the Defendant traveled in interstate commerce or used an instrumentality of interstate commerce in committing or in

4

furtherance of the seizing, confining, inveigling, decoying, kidnaping, or abducting; and (3) that the defendant held the victim for ransom, reward, or for any other reason. *See Chatwin v. United States,* 326 U.S. 455, 459 (1946); *United States v. Macklin,* 671 F.2d 60, 65 (2d Cir. 1982); *United States v. Corbett*, No. 3:10-CR-28 CFD, 2011 WL 2144659, at *4 (D. Conn. May 31, 2011), *aff'd*, 750 F.3d 245 (2d Cir. 2014).

Typically, when assessing the sufficiency of the evidence, the court must view the evidence in the light most favorable to the government and draw all reasonable inferences in its favor. *United States v. Puzzo,* 928 F.2d 1356, 1361 (2d Cir. 1991). The court must consider not only direct evidence but the circumstantial evidence proffered. *See United States v. Martinez*, 54 F.3d 1040, 1043 (2d Cir. 1995) (citing *United States v. Libera*, 989 F.2d 596, 601 (2d Cir. 1993), *cert. denied*, 510 U.S. 976 (1993)). The evidence must be viewed in its totality, not in isolation, and the government is not required to negate every possible theory of innocence. *See United States v. Rosenthal,* 9 F.3d 1016, 1024 (2d Cir. 1993). When a conviction is obtained pursuant to a plea, the defendant's factual allocution and admission to the crime must support the elements of the crime charged. *See United States v. Adams*, 448 F.3d 492, 498 (2d Cir. 2006); *see also United States v. Gonzalez*, 420 F.3d 111, 120 (2d Cir. 2005) (finding it was legal error to accept a defendant's plea where there was insufficient factual support to establish the drug quantity element of the crime).

## INEFFECTIVE ASSISTANCE OF COUNSEL

It is well settled, that counsel owes her client a duty of loyalty, a duty to avoid conflicts of interest, and when representing a criminal defendant, counsel's role is to assist defendant in his defense within the permissible rules of law. *See generally Strickland v. Washington*, 466 U.S. 668

(1984). Such assistance includes the duty to advocate defendant's cause, to consult with the accused on all matters of importance and to appraise the defendant of important developments in the course of the prosecution. *Id*. at 688. The Sixth Amendment to the United States Constitution "guarantees a defendant the right to have counsel present at all 'critical' stages of the criminal proceedings," *Montejo v. Louisiana*, 556 U.S. 778, 786 (2009) (quoting *United States v. Wade*, 388 U.S. 218, 227–228 (1967)), which includes the entry of a guilty plea, *Argersinger v. Hamlin*, 407 U.S. 25, 38 (1972), and sentencing. *Mempa v. Rhay,* 389 U.S. 128 (1967). In regards to a negotiated plea, counsel has the utmost obligation to advise his client of "the advantages and disadvantages of a plea agreement." *Padilla v. Kentucky*, 559 U.S. 356, 370 (2010) (quoting *Libretti v. United States*, 516 U.S. 29, 50–51 (1995)). At sentencing, counsel's sage advice and forceful advocacy can serve to minimize a defendant's period of incarceration. *See Glover v. United States*, 531 U.S. 198, 203 (2001).

When evaluating counsel's performance, judicial scrutiny must be highly deferential and must not serve as an opportunity to act as a Monday morning quarterback. *See Strickland*, 466 U.S. at 689. In order to reverse a conviction based on ineffective assistance of counsel, there must be a showing that counsel's assistance was deficient and that such deficiency prejudiced the defense so as to deprive the defendant of a fair proceeding. *Strickland*, 466 U.S. at 687–693. Where the defendant enters a guilty plea upon counsel's advice, the voluntariness of the plea is dependent on whether the advice was within range of competence demanded of attorneys in criminal cases and whether counsel's constitutionally ineffective performance affected the outcome of the plea process. *Hill v. Lockhart*, 474 U.S. 52, 56, 69. (1985) "In other words, in order to satisfy the

6

'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id*. at 59.

"[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound [] strategy.'" *Strickland*, 466 at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)). A defendant claiming ineffective assistance "must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690.

## **DISCUSSION**

This case presents an interesting set of facts wherein a defendant seeks to vacate a sentence imposed following his conviction pursuant to a plea agreement. Defendant asserts that he was promised a sentence lower than the one imposed. Specifically, he asserts that he was promised a ninety seven (97) month sentence, not the one hundred and fifty-one month (151) sentence imposed by the Court. However, a review of the record, including the Agreement, does not support Defendant's contention.

On September 2, 2015, Graham executed the Agreement which was also reviewed and executed by his counsel, Mary Anne Wirth, Esq. ("Wirth"). According to the Agreement, Graham agreed to plead guilty to Kidnaping, count three of the indictment, 18 U.S.C. § 1201(a)(1)), in

7

exchange for not being prosecuted for count one, Conspiracy to Commit Sex Trafficking in violation of 18 U.S.C. § 1591(1)(a) and (b)(1)) and count two, Attempted Sex Trafficking in violation of 18 U.S.C. § 1591(1)(a), (b)(1), and 18 U.S.C. § 1594(a)). It was also agreed by Graham, Wirth and the Government, that the stipulated sentencing guideline offense level was thirty-four (34), Defendant's criminal history category was I, and the applicable guideline range was one hundred and fifty-one (151) months to one hundred and eighty-eight (188) months' incarceration.

As part of the Agreement, Defendant acknowledged that the sentencing court was authorized to impose "any sentence, up to and including the statutory maximum sentence." Of significance, Defendant agreed not to directly appeal or collaterally challenge (including but not limited to an application under 28 U.S.C. §§ 2255 and 2241) "any sentence within or below the Stipulated Guidelines Range of 151 to 188 months' imprisonment." It also provided that the sentencing guideline analysis contained within the agreement was "binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to."[3]

A review of the Agreement reveals clear and unambiguous terms. The Court sentenced the Defendant to a term of one hundred and fifty-one (151) months, which is consistent with the stipulated guideline range and consistent with the terms of the Agreement. Further, a review of the

---

[3]Defendant agreed that any appeal regarding a court-imposed sentence was limited to any sentence that is not foreclosed by the plea agreement and/or a sentence that is inconsistent with or greater than the stipulated guideline range of one hundred and fifty-one (151) months to one hundred and eighty-eight (188) months. The defendant further agreed not to appeal any term of supervised release that was less than or equal to the statutory three year maximum term. The plea agreement also contemplated that the Defendant may have to register as a sex offender.

hearing minutes from the plea allocation, taken by the Hon. Lisa M. Smith, reveals Defendant's plea was voluntary and knowingly. He was appraised of, *inter alia*, his constitutional rights, waived his rights, indicated he had sufficient opportunity to consult with his attorney, was satisfied with his attorney and the services provided, acknowledged that the applicable guideline sentencing range was one hundred and fifty-one (151) months to one hundred and eight (188)[4] months, and understood that the court could impose a sentence within the applicable guideline sentencing range. The record supports a finding that Defendant's plea was entered intelligently. Since the Court imposed a sentence which does not contradict and is in keeping with the terms of the Agreement, Defendant's motion, on the basis that the sentence is excessive, must fail. Such a motion is further foreclosed based upon the explicit terms of the Agreement wherein the Defendant knowingly and voluntarily agreed to waive any appeal or to seek a sentence modification within the agreed upon range. *See United States v. Yemitan*, 70 F.3d 746 (2d Cir. 1995).

Defendant asserts his plea must be vacated because "there was insufficient evidence to support his kidnaping conviction." More specifically, he asserts that the use of the cell phone or internet was so "attenuated" that their use in furtherance of the crime is insufficient to factually support a finding that he used an instrumentality of interstate commerce to commit the crime of kidnaping. Defendant's contention is likewise meritless.

---

[4]The parties, in particular the Defendant, acknowledged during the plea allocation that the original Agreement incorrectly stated that the applicable guideline range was ninety seven (97) to one hundred and twenty-one (121) months of incarceration. Prior to executing the Agreement and prior to the Defendant's plea allocation, the document was modified to reflect the correct and agreed upon sentencing guideline range of one hundred and fifty-one (151) months to one hundred and eighty-eight (188) months. Defendant, Wirth, and the government attorney reviewed the modified Agreement and initialed the change(s) on the document.

It is worth noting that Graham does not dispute that the use a cell phone and or internet service qualify as instrumentalities of interstate commerce. During his plea allocution, Graham made the following admission:

> On June 16, 2014, I [Kevin Graham] and others held a woman against her will in her apartment in Yonkers. We located a woman on an internet website. I called the woman on her cell phone and asked her to meet me. She agreed. I did not tell the woman we intended to hold her against her will. I met the woman outside and brought her, I brought her into an apartment where another person took her phone, charger and purse and threatened to hit her and held her against her will. We did so for financial gain.

Defendant further explained that the woman ("the victim") was held for a period of two days, forced to have sex with him, and that he intended use the victim for "tricking"—to force her to engage in prostitution for his financial gain.

A review of the minutes from the plea hearing reveals Graham provided sufficient factual support for each of the elements of the crime of kidnaping. Graham admitted that he used the internet (an instrument of interstate commerce) to find and identify his intended victim, that he used the services of a cell phone (an instrument of interstate commerce) to communicate with and to lure the victim to Yonkers, New York, that once the victim arrived he seized, confined, kidnaped, abducted and held the victim without her consent, that he forced the victim to have sex with him, and that he intended to force the victim to engage in "tricking" (prostitution) for his own financial gain. These admission are sufficient to support each of the three elements of the crime of kidnaping as charged in the indictment.

Defendant's claim of ineffective assistance of counsel also fails. Preliminarily, Defendant asserts that counsel was ineffective because she failed to file a timely notice of appeal. Such

contention, however, is erroneous and lacks merit. The record reveals that on March 1, 2016, counsel did in-fact file a notice of appeal on Graham's behalf.[5] (ECF No. 103.) Additionally, Defendant has not demonstrated that counsel's assistance was deficient, and that such deficiency prejudiced defendant to such a degree that he was deprived of a fair proceeding. *Washington*, 466 U.S. at 687–693. Other than Defendant's conclusory statement that counsel's performance was constitutionally lacking and ineffective, movant has failed to demonstrate that counsel's performance affected the outcome of the plea process to such an extent "that there is a reasonable probability that, but for counsel's errors, [Graham] would not have pleaded guilty and would have insisted on going to trial." *Lockhart*, 474 U.S. at 58–59. Thus, Defendant's application to vacate his conviction based on claims of ineffective assistance of counsel must be denied.

Lastly, to the extent Graham attempts to assert other grounds to vacate his plea or to modify his sentence, Defendant's remaining contentions are frivolous and must denied.

---

[5] Following the filing of the notice of appeal, Defendant's appellate counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that after careful review of the record there were no meritorious or non-frivolous issues to be raised on appeal. (*See* ECF No. 139.)

## CONCLUSION

For the foregoing reasons, Defendant's motion pursuant to 28 U.S.C. § 2255 to set aside his sentence as excessive, and to vacate his conviction on the basis of ineffective assistance of counsel and on legal insufficiency is DENIED in all respects. Defendant failed to demonstrate entitlement to the relief sought. The Clerk of the Court is directed to terminate the motion at ECF Number 140.

This constitutes the Court Opinion and Order.

February 7, 2018
White Plains, New York

SO ORDERED:

NELSON S. ROMÁN